# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv229

| | |
|---|---|
| CONNIE R. CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND |
| MICHAEL J. ASTRUE, ) | RECOMMENDATION |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. This case is now before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 14]. Upon a thorough review of the entire record, the pleadings, and the parties' briefs, the Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's motion [# 14].

I.  **Procedural Background**

Plaintiff filed an application for disability benefits on July 19, 2006. (Transcript of Administrative Record ("T.") 21)  Plaintiff alleged that she became disabled beginning April 21, 2006.  (T. 164.)   The Social Security Administration

denied Plaintiff's claim, finding that she was not disabled. (T. 96-99.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 100-02.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 41-93.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 21-38.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the

listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III. The ALJ's Decision**

In his May 29, 2009, decision, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act. (T. 38.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

(2) The claimant has not engaged in substantial gainful activity since April 21, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following sever impairments: degenerative disc disease, residuals status post cervical surgery, osteoarthritis, and fibromyalgia (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with limited strenuous or repetitive use of the hands and neck motion.

(6) The claimant is capable of performing pas relevant work as an administrative assistant/supervisor. This work does not require the performance of work-related activities precludes by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from April 21, 2006 through the date of this decision (20 CFR 404.1520(f)).

(T.19-26.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance

of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. The Court has Disregarded Two of the Three Assignments of Error

Plaintiff contends that the ALJ made three errors that require remand of this case: (1) that the ALJ disregarded the findings of Dr. Karen Marcus; (2) that the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain; and (3) the decision is inconsistent with a later decision of the Commissioner. Plaintiff, however, only cites legal authority supporting her arguments as to the second alleged error. Previously, the Court warned counsel for Plaintiff that:

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

> The Court notes that counsel for Plaintiff has several social security appeals pending before the Court. In many of these cases, counsel has filed similar briefs that lack citations to legal authority and fail to clearly articulate the alleged errors committed by the ALJ. The Court warns counsel that going forward, the Court will strike any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors. In addition, each alleged error must contain legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred.
>
> Finally, it appears to the Court that the same individual is drafting the legal briefs for counsel in this case and in the cases where attorney Lamar Gudger is that attorney of record for the plaintiff. The Court has repeatedly warned Mr. Gudger about his pleadings in social security cases and has even struck a number of his pleadings from the record. In fact, the Court recently sanctioned him for his failure to comply with Court Orders regarding the filing of appropriate briefs. Counsel in this case is advised that he will suffer the same fate going forward if he continues to submit briefs with little to no legal authority or legal analysis. This Court will not tolerate the continued disruption to the Court's docket that is caused by these frivolous filings. If these attorneys are not going to take their role as legal advocates for their clients seriously, then they should not practice in this Court.

Pascoe v. Astrue, No. 1:11cv226, 2012 WL 3528054, at n.2 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.). Despite this clear warning to counsel, counsel failed to correct the deficiencies in his pleadings in this case or request leave to do so. Counsel has continued to waste the judicial resources of this Court with frivolous filings unsupported by any legal citations and lacking any actual legal analysis.

Accordingly, the Court has disregarded all but one of Plaintiff's alleged errors.[2]

   B.   **Substantial Evidence Supports the Credibility Determination of the ALJ**

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's statements regarding her pain. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonable be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590,

---

   [2] Even if this Court were to consider all the issues raised in Plaintiff's Motion for Summary Judgment, the Court would recommend that the District Court affirm the Commissioner's decision and deny Plaintiff's motion because the ALJ's evaluation of the opinion testimony of Dr. Karen Marcus is, as the Commissioner points out in great detail, supported by substantial evidence in the record, and the favorable decision issued more than two years after this decision does not require remand.

604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

In contrast to Plaintiff's contention to the contrary, the ALJ applied this two step process in assessing her statements regarding her symptoms. (T. 32-37.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 37.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are

inconsistent with the above residual functional capacity assessment." (T. 37.) Although Plaintiff contends that this lone statement in the ALJ's decision is the full extent of the ALJ's analysis as to the scope of Plaintiff's pain, the record flatly contradicts Plaintiff's contention.[3] The ALJ provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 32-37.) For example, the ALJ pointed to inconsistencies in Plaintiff's testimony that she could only sit or stand for ten to fifteen minutes at a time and could only lift five pounds with her prior statements and the medical records, including recommendations from her doctors to engage in daily walks and exercise. (T. 36-37, 308, 468.) The ALJ pointed to other inconsistent statements made by Plaintiff, including that she reported to doctors that she was disabled even though she chose to retire from her prior employment (T. 37, 536) and that she showed poor motivation and effort during her consultive examination by Dr. Karen Marcus (T. 568-80).

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and it is not the role of

---

[3] The Court notes that the individual drafting the legal briefs for Mr. Clontz and Mr. Gudger continues to make the same frivolous argument in case after case that the ALJ failed to conduct any actual analysis as to the intensity and scope of the claimant's pain when, in fact, the record clearly reflects such analysis in the ALJ's decision. The Court reminds counsel of his obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel continues to sign legal briefs making such frivolous arguments in this Court, the Court will consider imposing Rule 11 sanctions against counsel, irrespective of who is actually drafting the briefs.

this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible. See Craig, 76 F.3d at 589. Finally, upon a review the evidence in record and the transcript of the hearing, the Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in evaluating the frequency and severity of Plaintiff's symptoms is without merit.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the Commissioner's decision.

Signed: October 2, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).